An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-621

Filed 17 September 2025

Guilford County, No. 19JT000369-400

IN THE MATTER OF:

C.S.R.

Appeal by respondent-mother from order entered 11 March 2024 by Judge Brian Tomlin in Guilford County District Court. Heard in the Court of Appeals 11 February 2025.

> *Ewing Law Firm, P.C., by Robert W. Ewing, for respondent-appellant-mother.*
>
> *Mercedes O. Chut for petitioner-appellee Guilford County Department of Health and Human Services.*
>
> *Parker Poe Adams & Bernstein LLP, by Blair M. Carpenter and Stephen V. Carey, for appellee Guardian Ad Litem.*

GORE, Judge.

Respondent-mother appeals from the trial court's order terminating her parental rights, arguing the court erred by admitting hearsay evidence and testimony lacking personal knowledge, in violation of North Carolina Rules of Evidence 602, 802, and 803(6). She contends these alleged errors improperly influenced the trial

court's findings and prejudiced the outcome. Upon review, we conclude that respondent-mother failed to preserve these arguments for appellate review and affirm the trial court's order.

## I.

On 14 July 2019, Cathy,[1] a toddler under two years old, was admitted to the hospital with multiple subdural hemorrhages, bilateral temporal marks, and other injuries consistent with non-accidental trauma. Respondent-mother provided conflicting explanations for these injuries, none of which aligned with the medical evidence. Medical professionals classified the injuries as non-accidental, and Cathy was adjudicated abused, neglected, and dependent on 11 December 2019. Following adjudication, Cathy remained in the custody of the Guilford County Department of Health and Human Services ("DHHS"), residing in a stable foster home since 23 July 2019.

Respondent-mother entered into a case plan with DHHS on 19 August 2019, requiring her to address housing stability, employment, parenting skills, and mental health. Despite repeated opportunities, she failed to provide stable housing or engage consistently in the services outlined in her plan, including therapy and parenting education. Respondent also maintained conflicting accounts of the events leading to Cathy's injuries and failed to demonstrate acknowledgment or accountability for her

---

[1] A pseudonym.

role in Cathy's circumstances. On 10 November 2022, DHHS filed a petition to terminate respondent-mother's parental rights, citing neglect, willful failure to make progress, dependency, and willful abandonment as grounds under N.C.G.S. § 7B-1111(a).

At the termination hearing on 28 November 2023, the court considered evidence from DHHS, including business records and testimony from a supervising social worker, Ms. Gail Spinks. Respondent-mother testified, acknowledging her non-compliance with the case plan and her inability to provide suitable housing for Cathy. On 11 March 2024, the trial court entered an order terminating respondent-mother's parental rights, finding clear, cogent, and convincing evidence supporting the statutory grounds for termination and concluding that termination was in Cathy's best interests. Respondent-mother filed a notice of appeal on 20 March 2024.

**II.**

Under North Carolina law, a party must raise timely and specific objections to evidence at trial to preserve issues for appellate review. *See* N.C.R. App. P. 10(a)(1). Objections must be made at the time the evidence is introduced, enabling the trial court to address the issue and avoid potential prejudice. *See State v. Ray*, 364 N.C. 272, 277 (2010).

Here, respondent-mother's trial counsel either failed to object or raised objections on limited grounds that do not align with the arguments raised on appeal. For example, while respondent-mother challenges the admissibility of Ms. Spinks'

testimony as hearsay or lacking personal knowledge, her trial counsel did not contemporaneously object to much of this testimony, including testimony based on DHHS business records. Moreover, even when objections were raised, they did not assert violations of Rule 803(6) or other specific evidentiary rules.

Failure to properly and comprehensively object constitutes a waiver of evidentiary arguments on appeal. North Carolina courts consistently hold that unpreserved challenges cannot serve as a basis for appellate relief. *See State v. Johnson*, 209 N.C. App. 682, 692 (2011).

Even assuming some objections were preserved, respondent-mother has not demonstrated prejudice resulting from the trial court's rulings. Courts presume that in bench trials, judges disregard incompetent evidence unless shown otherwise. *See In re McMillon*, 143 N.C. App. 402, 411 (2001). Respondent-mother has not identified specific findings solely dependent on improperly admitted evidence or shown how any alleged errors affected the trial court's ultimate decision.

## III.

Respondent-mother's failure to timely and specifically object to the challenged evidence constitutes a waiver of her evidentiary arguments on appeal. As these claims were not preserved for appellate review, we decline to address them. Accordingly, we affirm the trial court's order terminating respondent-mother's parental rights.

4

AFFIRMED.

Judge WOOD concurs in the result only.

Judge STADING concurs by separate opinion.

Report per Rule 30(e).

No. COA24-621 – *In re C.S.R.*

STADING, Judge, concurring, writing separately.

After reviewing the record, the briefs, and arguments of counsel, I concur that Respondent-mother failed to properly object to Ms. Spinks testimony on the ground of personal knowledge. N.C. Gen. Stat. § 8C-1, Rule 602 (2023). With respect to Respondent-mother's objection to the use of personal notes as impermissible hearsay under N.C. Gen. Stat. § 8C-1, Rule 803(6), I agree that Respondent-mother is unable to show prejudice. Accordingly, I agree with result reached by the majority.